**Timothy CHITTENDEN, Plaintiff,**

v.

**William R. CONNORS, individually, and the City of Rye, New York, Defendants.**

**No. 06 CIV. 2222(CM).**

United States District Court, S.D. New York.

Oct. 26, 2006.

Jane Bilus Gould, Lovett & Gould, White Plains, NY, for Plaintiff.

Joseph Anthony Maria, Joseph A. Maria, P.C., White Plains, NY, Brian Maurice Oubre, Landman Corsi Ballaine & Ford PC, New York, NY, for Defendants.

DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND/OR TO STAY THIS ACTION

MCMAHON, District Judge.

The defendants in this action have moved to dismiss the complaint. To the extent the complaint is not dismissed, they ask the Court to abstain from hearing this matter, or at least to stay a hearing pending the completion of related state proceedings.

The original complaint in this action, which named only The City of Rye as defendant, asserted that the City had retaliated against plaintiff for (1) submitting a criminal complaint against a Rye police officer during the course of his official duties, and (2) commenting on matters of public concern in his capacity as President of the Rye Police Association. The alleged retaliation consisted of (1) preferring disciplinary charges against plaintiff and (2) commencing a meritless lawsuit against plaintiff in the New York State Supreme Court, in an effort to disqualify plaintiff's chosen counsel from representing him during the disciplinary hearing.

On June 16, plaintiff filed a First Amended Complaint, adding William R. Connors (the Police Commissioner of Rye) as a defendant, specifying a number of occasions on which plaintiff had allegedly spoken out on matters of public concern in his capacity as the Police Union president, renewing his allegations of retaliatory discipline and "tit for tat" litigation, and add-

ing the claim that Rye's pursuit of the frivolous disqualification action had the effect of depriving plaintiff of a due process hearing on his pending disciplinary charges. The allegations relating to the submission of a criminal complaint during the course of his official duties were withdrawn, doubtless as a result of the Supreme Court's decision in *Garcetti v. Ceballos*, —— U.S. ——, ——, 126 S.Ct. 1951, 1960, 164 L.Ed.2d 689 (2006).

The amended complaint contains five separate causes of action, but the first three are the same cause of action: a claim that the preferment of disciplinary charges and the disqualification lawsuit have worked a violation of plaintiff's First Amendment rights (of association, free speech and petition, respectively). The fourth claim charges that the long delay in giving plaintiff a hearing at which he could be represented by counsel of his choice has violated his right to Equal Protection, because no other police officer has been effectively denied the disciplinary hearing to which all officers are statutorily entitled under the Civil Service Law. The fifth claim charges selective prosecution.

Defendants have moved to dismiss the complaint. Their motion reads like a motion for summary judgment; appended to the moving papers are 30 separate exhibits. The court declines to convert the motion and will ignore most of the exhibits.

I apply the usual standards on a motion to dismiss under Rule 12(b)(6): assume all well-pleaded facts in the complaint as true and draw all inferences in plaintiff's favor.

### 1. *Failure to Promote Claim*

Defendants assert that plaintiff's "failure to promote" claim is both time barred and subject to dismissal on the ground of *res judicata*. But plaintiff has not pleaded a "failure to promote" claim—certainly not any claim based on decisions made in 1994!

He does contend, as a matter of fact, that the pendency of the disciplinary charges against him—they have been pending, without any hearing, since 2003—has precluded him from being promoted during the past three years. But there is no claim in the complaint for failure to promote; rather, it appears that plaintiff is claiming that he suffered compensable damages (I assume in the nature of lost pay increases) because the pendency of the allegedly retaliatory charges prevented him from being promoted.

It may indeed be the case that plaintiff has suffered no compensable damage from the alleged failure to promote him pending resolution of the disciplinary charges, because his test scores are not high enough to place him "in the zone" for promotion. But that is a factual matter and is not appropriate for resolution on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

### 2. *Statute of Limitations*

The allegedly retaliatory disciplinary charges were served on plaintiff no later than March 20, 2003. Defendants argue that the claim that these charges were retaliatory and the claim that their preferment is selective prosecution, are time-barred, because the instant complaint was not filed until March 21, 2006. It is appropriate to decide a statute of limitations motion at this stage in the proceedings.

Movants' Exhibit I is a letter from Vincent Toomey, Labor Counsel to the City of Rye, enclosing a copy of the allegedly retaliatory disciplinary charges, the letter is dated March 13, 2003. In the letter, Mr. Toomey states: "As we discussed, the charges will be deemed formally served upon you, in lieu of personal service on Officer Chittenden, on March 20, 2003, seven days after receipt of the charges by fax." This letter at least creates a presumption that such an agreement was

made between counsel and that the charges are deemed served as of March 20, 2003. A careful review of plaintiff's opposition papers does not disclose that this point is disputed; defendants concede that service was effective seven days after the March 13 letter was sent.

Rather, plaintiff argues that the statute of limitations argument is without merit because Fed.R.Civ.P. 6(a) provides that, "In computing any period of time prescribed or allowed by these rules . . . . . . or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included . . . . . . "

Plaintiff apparently contends (I say apparently because the argument is not explicitly made) that Mr. Toomey erred by failing to exclude March 13—the day of faxing ("the day of the act") from the seven day period. Plaintiff's counsel asserts that the statute began to run on March 21, 2003, and contends that a complaint filed on March 21, 2006 is timely under a three year statute of limitations.

There are two problems with plaintiff's argument.

■■■■ First, the statute of limitations on any Section 1983 claim began to run on March 14, 2003—the day after Toomey sent his letter to plaintiff's then-attorney. A federal claim accrues on the date when plaintiff knew or had reason to know that he was harmed. Plaintiff was advised of the charges on March 13, 2003. The filing of the charges is the adverse employment action of which he complains. Therefore, the limitations period began to run on March 14 (excluding the day on which notice of the charges was sent). The date

the charges were deemed served was relevant only to the computation of his time to respond to the charges as provided in New York's Civil Service Law. When a response is due under the Civil Service Law has no bearing on the accrual of plaintiff's federal claim.

Second, if the statute of limitations did being to run on March 21, 2003, then each year within the statute ends on the next following March 20, not on the following March 21. Assuming (contrary to fact) that the statute began to run on March 21, 2003, the first year ended on March 20, 2004 and the second year began on March 21, 2004; the second year ended on March 20, 2005 and the third year began on March 21, 2005; and the third year ended on March 20, 2006. To fall within the statute, the plaintiff had to file his complaint no later than the last day of the third year. Instead, plaintiff filed his complaint on the first day of the fourth year following service of the charges.[1]

Because the complaint was untimely filed, the First, Second and Third causes of action are dismissed insofar as they allege that the disciplinary charges against plaintiff were file in retaliation for his protected activity.

The Fifth cause of action, for selective prosecution, is dismissed in its entirety as time barred. The limitations period is not extended ad infinitum for as long as the charges are pending (or, to use plaintiff's language, while defendants "continue[ ] to prosecute the subject disciplinary charges.") This is not an instance where the highly disfavored "continuing violation" doctrine applies to extend the statute of limitations.

---

1. In this scenario, Plaintiff could obtain an extra day to file his complaint only if March 20, 2006 fell on a Saturday or a Sunday or a legal holiday. I have checked my desk calendar, and March 20, 2006 was a Monday. It was not a legal holiday. But of course this is of no moment, since the claim accrued on March 13, 2003.

*3. Application for Stay/Abstention*

The claims that remain are for retaliatory commencement of a meritless lawsuit seeking to disqualify Lovett & Gould as plaintiff's counsel, and for violating plaintiff's Equal Protection rights by refusing to give him a hearing on the disciplinary charges. Defendants argue two things with respect to these claims: first, that they must be dismissed against defendant Connors, because he is either absolutely or qualifiedly immune from suit; and second, that this court should abstain from proceeding with this matter until' both the state court lawsuit (which is presently on appeal) and any appeals from the disciplinary hearing (which has yet to be conducted) have concluded.

Neither argument has merit.

**Immunity**

Absolute immunity does not extend to authorizing the commencement of ' a SLAPPback lawsuit against the plaintiff, and this court has never held otherwise—in *Algarin v. Town of Wallkill,* 313 F.Supp.2d 257, 261–62 (S.D.N.Y.2004), aff'd 421 F.3d 137 (2d Cir.2005), or in any other lawsuit.

In *Algarin,* this Court extended absolute immunity to the members of the Town of Wallkill Police Commission who allegedly defamed certain police officers in the context of a published report concerning allegations of police misconduct in the Town.[2] The commencement of the alleged SLAPPback lawsuit, which sought to disqualify Mr. Lovett's firm from representing plaintiff at his disciplinary hearing, does not involve defamation (at least, not of plaintiff). It was the allegation of defamation that occasioned both the decision in *Algarin* and the discussion of absolute immunity from a suit for libel/defamation (whether under state law or Section 1983) on

which I relied on in *Algarin:* the New York Court of Appeals' decision in *Stukuls v. State of New York,* 42 N.Y.2d 272, 397 N.Y.S.2d 740, 366 N.E.2d 829 (1977).

■ As the New York Court of Appeals held in *Stukuls,* the doctrine of absolute immunity should be applied sparingly, and should not be extended if important policymaking executive functions are not implicated. Police Commissioners do not enjoy absolute immunity for authorizing meritless lawsuits for retaliatory purposes, or for violating someone's rights under the Equal Protection Clause of the United States Constitution. I know of no case so holding, and Connors cites none.

■ Qualified immunity does not attach to this conduct, either. The allegation is that Connor authorized the commencement of a meritless lawsuit against plaintiff in order to retaliate for plaintiff's exercise of his First Amendment rights as Union President to comment on matters of public concern. Plaintiff further alleges that the continued prosecution of this lawsuit has had the effect of depriving him of the hearing on the disciplinary charges to which he is statutorily entitled.

Plaintiff's right as a public employee to comment on matters of public concern is clearly established. Connor does not argue that plaintiff's union activity falls within the scope of his employment or is covered by the Supreme Court's recent *Garcetti* decision.

■ If plaintiff's allegation is correct—that is, if the state court lawsuit was commenced for the purpose of retaliating against plaintiff's exercise of his First Amendment rights—then it was not objectively reasonable for Connor to authorize the lawsuit. "It can never be objectively

---

**2.** Although the Second Circuit affirmed this court's decision, it did so on alternate grounds, and expressly declined to reach the issue of absolute immunity.

reasonable for a governmental official to act with the intent that is prohibited by law." *Locurto v. Safir,* 264 F.3d 154, 169 (2d Cir.2001). At this stage of the lawsuit, I must assume that plaintiff's allegation is true.

It may be that Connor did not authorize the commencement of the lawsuit. It may be that he did so, but with the purest of motives. It may be that retaliation for plaintiff's union activity has nothing to do with the commencement of the lawsuit.

But if those issues of fact are resolved in Connors' favor, then he will be entitled to judgment, not because he is qualifiedly immune, but because he did nothing wrong. *See Stephenson v. Doe,* 332 F.3d 68, 81 (2d Cir.2003).

**Abstention**

There is no basis for abstention or for any stay of proceedings.

The parties' argument on the abstention point presumes that the claims that have been dismissed remain in the lawsuit. But the claims of retaliatory preferment of disciplinary charges and selective prosecution have been dismissed as time barred. All that is left is plaintiff's claim of retaliatory commencement of a SLAPPback suit, which also had the effect of delaying (and effectively denying) his hearing on the disciplinary charges.

■ Abstention is a narrow exception to the generally broad duty on the part of federal courts to exercise jurisdiction. *Planned Parenthood of Dutchess–Ulster, Inc., v. Steinhaus,* 60 F.3d 122, 126 (2d Cir.1995). Abstention is the exception, not the rule. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

■ Abstention under the doctrine articulated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is inappropriate unless three conditions pertain: at the time the federal complaint is filed, there is an ongoing state proceeding that raises the same issues as the federal complaint; the state court proceeding implicates an important state interest; and the state court proceeding affords plaintiff an avenue to raise his federal constitutional claims.

■ The only discussion necessary to rejection of the request for *Younger* abstention relates to the second prong of the test, which is clearly not met. The pending state lawsuit challenged the ability of Mr. Lovett to appear as plaintiff's attorney in the disciplinary proceeding. It alleges that he has an unwaivable conflict of interest. Absolutely no state interest is implicated in Rye's challenge to Mr. Lovett's ability, as an ethical matter, to represent Mr. Crittenden. Nothing in this lawsuit will address the merits of the disciplinary charges against plaintiff; the only issue will be whether the alleged SLAPPback lawsuit was instituted in bad faith (a factual question that has nothing to do with any charge against plaintiff) and whether its pendency has had the effect of denying plaintiff equal protection of the laws (primarily a legal inquiry).

For the same reasons, no stay of these proceedings is warranted, either under *Younger* or simply as a matter of comity.

The parties are directed to comply with the attached scheduling order for discovery.

This constitutes the decision and order of the Court.